UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA, ) | |
| FOR THE USE AND BENEFIT OF J.F. ) | |
| AHERN CO. D/B/A AHERN FIRE ) | |
| PROTECTION, ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| vs. ) | Case No. 4:11CV1611 |
| ) | |
| FREDERICH CONSTRUCTION, INC., ) | |
| and TRAVELERS CASUALTY AND ) | |
| SURETY CO. OF AMERICA, ) | |
| ) | |
| Defendant(s). ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Frederich Construction, Inc.'s Rule 12(b)(6) Motion to Dismiss and Order Mediation ("Motion to Dismiss") (ECF No. 8), filed October 18, 2011, and Defendant Travelers Casualty and Surety Company of America's Joinder in Motion to Dismiss ("Joinder in Motion to Dismiss") (ECF No. 17), filed November 3, 2011. The matter is fully briefed and ready for disposition.

## BACKGROUND[1]

On June 4, 2009, the United States, through the Department of Veterans Affairs, awarded a contract ("Contract") to Frederich Construction, Inc. ("Frederich"), to complete renovations for the VA Medical Center Jefferson Barracks Division in St. Louis, Missouri. (Complaint, ECF No. 1, ¶ 6). The Contract required Frederich to furnish all labor and materials and perform all work required to complete the renovations in exchange for $4,216,000.00. (Id.). Frederich, as principal, and

---

[1] The majority of the Court's background section is taken from the Complaint, to which Defendants have not yet filed an answer.

Travelers Casualty and Surety Company of America ("Travelers"), as surety, executed bond No. 105178317 ("Bond"), which bound Frederich and Travelers to assure payment of the claims of all persons supplying labor and material to complete the work identified in the Contract. (Id., ¶ 7).

On August 24, 2009, J.F. Ahern Co. d/b/a Ahern Fire Protection ("Ahern") entered into a subcontract ("Subcontract") with Frederich to provide the installation of fire suppression systems as part of the work required under the Contract. (Id., ¶ 10; Exhibit 1, p. 3). The Subcontract was "[b]y and between" Ahern, as subcontractor, and Frederich, as contractor. (Id., Exhibit 1, p. 2). The Subcontract was to be signed by representatives of Ahern and Frederich. (See id., Exhibit 1, p. 11). The Subcontract provided that it was "solely for the benefit of the Signatories hereto." (Id., Exhibit 1, p. 10). The Subcontract also provided as follows:

**That the Contractor and the Subcontractor agree:**

...

(31)  All claims, disputes, or other matters in question between the parties to this Agreement or breach thereof shall as a condition precedent to litigation be submitted to nonbinding mediation which, unless the parties mutually agree otherwise.  The parties shall share the mediator's fee and any filing fees equally.  Agreements reached in mediation shall be enforceable as a settlement agreement in any court having jurisdiction thereof.

(Id.).

Ahern alleges it fully performed all conditions of the Subcontract, and that there remains $62,087.98 owed to Ahern for work performed under the Subcontract. (Id., ¶¶ 14, 16). Ahern filed its Complaint on September 16, 2011. (See id.). Ahern's Complaint contains a Miller Act claim against both Frederich and Travelers, along with breach of contract, suit on account, unjust enrichment, and quantum meruit claims against Frederich. (See id.). Frederich and Travelers argue Ahern's claims must be dismissed due to Ahern's failure to engage in mediation prior to filing this action.

**STANDARD FOR MOTION TO DISMISS**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A cause of action should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982) (internal quotations and citation omitted).

**DISCUSSION**

**A.     Frederich's Motion to Dismiss**

Frederich argues Ahern's failure to engage in mediation pursuant to the terms of the Subcontract prior to instituting this action warrants dismissal of Ahern's claims. Ahern acknowledges this Court should order mediation in this matter. (See Plaintiff The United States of America for the Use and Benefit of J.F. Ahern Co's Memorandum in Opposition to Defendant Frederich Construction, Inc's Rule 12(b)(6) Motion to Dismiss and Order Mediation, ECF No. 12, p. 1). Ahern argues that, instead of dismissal, this Court should stay this action pending mediation. (Id.).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy and effort for itself, counsel, and for litigants." Landis v. North American Co., 299 U.S. 248, 254 (1936). Whether or not to stay a

lawsuit pending related proceedings is committed solely to the trial court's discretion. <u>Mediterranean Enterprises, Inc. v. Ssangyong</u>, 708 F.2d 1458, 1465 (9th Cir. 1983).

Upon consideration, the Court finds the mediation clause in the Subcontract between Ahern and Frederick is insufficient to force the dismissal of this matter at this time. Given the parties' agreement that mediation is appropriate under the terms of the Subcontract, Ahern's claims against Frederich will be stayed pending resolution of the mediation process, and Frederich's Motion to Dismiss (ECF No. 8) will be granted in part.

**B.   Travelers's Joinder in Motion to Dismiss**

Travelers asserts it "is entitled to rely on the mandatory mediation clause to the same extent as its principal, Frederich Construction." (Defendant Travelers Casualty and Surety Company of America's Reply Memorandum in Support of Joinder in Motion to Dismiss, ECF No. 21, p. 2). Travelers provides no additional legal basis for reading the mediation clause in the Subcontract as requiring Ahern, as subcontractor, to submit to mediation with Travelers, as surety.

The Eighth Circuit Court of Appeals has refused to permit a surety who issued a bond to guarantee performance under a construction contract to use an arbitration clause contained in the construction contract to force the arbitration of the claims against the surety after the contractor's failure to perform. <u>See</u> <u>AgGrow Oils, L.L.C. v Nat'l Union Fire Ins. Co.</u>, 242 F.3d 777, 781-82 (8th Cir. 2001) ("Whether a lawsuit on the bond should be stayed while the obligee and the principal obligor arbitrate is a different question than whether the obligee and the surety have separately agreed to arbitrate any disputes under the bond." (citing <u>United States v. Bregman Constr. Corp.</u>, 256 F.2d 851, 854 (7th Cir. 1958))). When evaluating claims raised under the Miller Act, other district courts have similarly refused to order arbitration between the subcontractor and the surety based on the arbitration agreement contained in the subcontract. <u>See</u>, <u>e.g.</u>, <u>Vining Corp. v. Carothers</u>

Construction, Inc., No. 5:09-CV-438, 2010 WL 1931100, at *3-4 (M.D. Ga. May 12, 2010)(granting the defendants' Motion to Stay and Compel Arbitration as to the contractor but not as to the surety, as the surety was not a party to the subcontract and the bond was not incorporated by reference into the subcontract). Nonetheless, as noted in Vining Corp., it may be appropriate to stay the underlying action between the surety and the subcontractor during extrajudicial proceedings between the subcontractor and the contractor. See id., at *4.

Here, the Subcontract was clearly between Ahern and Frederich alone. The Subcontract did not incorporate the bond issued by Travelers. At this time, the bond issued by Travelers is not before the Court for an analysis as to whether it incorporates the Subcontract or contains a separate mediation provision. As such, there is no basis for finding Ahern and Travelers agreed to mediate Ahern's potential claims against Travelers, and this Court cannot order Ahern to mediate its Miller Act claim against Travelers. In the interests of promoting judicial economy and efficiency, however, Ahern's Miller Act claim against Travelers should be stayed pending the mediation between Ahern and Frederich. Therefore, Travelers's Joinder in Motion to Dismiss (ECF No. 17) will be denied, and Ahern's claim against Travelers will be stayed pending resolution of the mediation process.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Frederich Construction, Inc.'s Rule 12(b)(6) Motion to Dismiss and Order Mediation (ECF No. 8) is **GRANTED** in part, and this matter is stayed pending resolution of the mediation process.

**IT IS FURTHER ORDERED** that Plaintiff J.F. Ahern Co. d/b/a Ahern Fire Protection and Defendant Frederich Construction, Inc., have up to and until **Tuesday, May 1, 2012**, to mediate this matter.

**IT IS FURTHER ORDERED** that Plaintiff J.F. Ahern Co. d/b/a Ahern Fire Protection and Defendant Frederich Construction, Inc., will notify the Court of the outcome of the mediation within ten (10) days of its completion.

**IT IS FURTHER ORDERED** that Defendant Travelers Casualty and Surety Company of America's Joinder in Motion to Dismiss (ECF No. 17) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall administratively close this matter until the parties notify the Court of the outcome of the mediation.

Dated this   8th   day of December, 2011.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE